OPINION OF THE COURT
Thomas E. Mercure, J.
Petitioner, pursuant to CPLR article 78, seeks “reinstatement” to temporary release status.
Petitioner is presently serving a sentence of imprisonment of 4 years to 8 years at Clinton Correctional Facility upon a guilty plea to criminal possession of a controlled substance in the fifth degree. Said sentence was imposed on September 19, 1980.
On January 13, 1983, petitioner, while confined at the Arthur Kill Correctional Facility, filed an application for temporary release to participate in work release. Petitioner was approved for temporary release on February 25, 1983.
On April 5, 1983, petitioner appeared before the Parole Board for the purpose of determining whether or not he should be released on parole. The Parole Board denied petitioner release on parole and scheduled his next appearance before the Parole Board in 20 months.
Petitioner contends that his removal from the temporary release program did not comport with due process.
*963 Article 26 of the New York State Correction Law deals with temporary release programs for State correctional institutions. Section 851 of that article sets forth eligibility requirements for temporary release programs. Subdivision 2 of section 851 of the Correction Law provides, in relevant part: “‘Eligible inmate’ means a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within one year * * * If an inmate is denied release on parole, such inmate shall not be deemed an eligible inmate until he is within one year of his or her next scheduled appearance before the state parole board.”
Since petitioner has been denied release on parole and his next scheduled appearance before the Parole Board is more than one year away, the petitioner is statutorily ineligible for participation in temporary release programs.
Additionally, the commissioner has established a temporary release manual which constitutes the temporary release program rules and regulations promulgated pursuant to section 852 of the Correction Law. Under the rules and regulations governing temporary release, an inmate ordered held more than 12 months by the Parole Board (such as the petitioner) is statutorily ineligible to continue to participate in the temporary release programs, and if they wish to again become eligible, they must submit a new application de nova for temporary release when their next board appearance is less than 12 months away.
The petition is dismissed.